G. Thomas Martin, III, Esq. (SBN 218456)
**PRICE LAW GROUP, APC**
15760 Ventura Blvd., Suite 1100
Encino, CA  91436
T: (818) 907-2030
F: (818) 205-2730
tom@plglawfirm.com

Attorneys for Plaintiff,
ROBERT WILTON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WILTON,<br><br>                    Plaintiff,<br><br>RECOVERY MANAGEMENT SERVICE, INC.; DOES 1 through 10, inclusive,<br><br>                    Defendants. | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)**<br><br>**Demand Does Not Exceed $10,000** |

## COMPLAINT

## INTRODUCTION

1.      This is an action for actual and statutory damages brought by

Plaintiff, ROBERT WILTON, an individual consumer, against Defendant,

RECOVERY MANAGEMENT SERVICE, INC., for violations of the law,

including, but not limited to, violations of the Fair Debt Collection Practices Act,

15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA'') and the Rosenthal Fair Debt

Collection Practices Act, Cal. Civ. Code §§ 1788 *et seq.* (hereinafter "RFDCPA"),

which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

### VENUE AND JURISDICTION

2.      Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

### PARTIES

3.      Plaintiff, Robert Wilton, is a natural person with a permanent residence in San Pedro, Los Angeles County, California 90731.

4.      Upon information and belief, the Defendant, Recovery Management Service, Inc., is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 4200 Cantera Drive, Warrenville, DuPage County, Illinois 60555. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5.       Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### FACTS

6.      The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7.      Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, contacted Plaintiff and threatened to garnish Plaintiff's wages.

8.      Defendant has no standing to commence garnishment proceedings on behalf of the creditor.

9.      Defendant is a debt collection company and as a debt collection company attempting to collect on an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that the original creditor attempt legal proceedings which could result in garnishment.

10.      The representations made to Plaintiff by Defendant regarding garnishment were false.

11.      Within one (1) year preceding the date of this Complaint and during the first thirty (30) days of communicating with Plaintiff, Defendant, in connection with the collection of the alleged debt, demanded payment on the alleged debt without also informing Plaintiff that Plaintiff could dispute the validity of the alleged debt and thereby overshadowed the Plaintiff's right to dispute the validity of the debt.

12.      The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for her non-payment of the debt he allegedly owed.

13.      The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

14.      The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress.

15.      Defendant utilized unfair and unconscionable means to collect on

1  Plaintiff's alleged debt, by lying to and misleading Plaintiff.

2  ## FIRST CLAIM FOR RELIEF

3      16.    Plaintiff repeats and realleges and incorporates by reference to the

4  foregoing paragraphs.

5      17.    Defendants violated the FDCPA.  Defendants' violations include, but

6  are not limited to, the following:

7          (a) Defendant violated *§1692d* of the FDCPA by engaging in conduct

8              the natural consequences of which is to harass, oppress, or abuse

9              any person in connection with the collection of an alleged debt;

10             and

11         (b) Defendant violated *§1692d(2)* of the FDCPA by using obscene or

12             profane language or language the natural consequences of which is

13             to abuse the hearer or reader in connection with the collection of an

14             alleged debt; and

15         (c) Defendant violated *§1692e* of the FDCPA by using a false,

16             deceptive, or misleading representation or means in connection

17             with the collection of the alleged debt; and

18         (d) Defendant violated *§1692e(4)* of the FDCPA by giving the false

19             representation or implication that nonpayment of the alleged debt

20             will result in the garnishment of wages of any person when such

21             action is unlawful and the Defendant does not intend to take such

22             action; and

23         (e) Defendant violated *§1692e(5)* of the FDCPA by threatening to take

24             action that the Defendant does not intend to take and/or the

25             Defendant cannot legally take; and

(f) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

(g) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

(h) Defendant violated *§1692g(b)* of the FDCPA by overshadowing or being inconsistent with the disclosure of the consumer's rights to dispute the debt or request the name and address of the original creditor.

18.    Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

19.    As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

## **SECOND CLAIM FOR RELIEF**

20.    Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

21.    Defendant violated the RFDCPA.  Defendant's violations include, but are not limited to the following:

(a) Defendant violated *§1788.17* of the RFDCPA by being a debt collector collecting or attempting to collect a consumer debt that is not compliant with the provisions of Sections 1692b to 1692j of the FDCPA, the references to federal codes in this section referring to those codes as they read as of January 1, 2001.

1    22.    Defendant's acts as described above were done intentionally with the

2  purpose of coercing Plaintiff to pay the alleged debt.

3    23.    As a result of the foregoing violations of the RFDCPA, Defendant is

4  liable to the Plaintiff for actual damages, statutory damages, and costs and attorney

5  fees.

6                              **PRAYER FOR RELIEF**

7    **WHEREFORE**, Plaintiff respectfully requests that judgment be entered

8  against Defendant, Recovery Management Service, Inc., for the following:

9    A. Declaratory judgment that Defendant's conduct violated the FDCPA and

10        RFDCPA.

11    B. Actual damages.

12    C. Statutory damages.

13    D. Costs and reasonable attorney fees.

14    E. Awarding Plaintiff any pre-judgment and post-judgment interest as may

15        be allowed under the law.

16    F. For such other and further relief as the Court may deem just and proper.

17                            **DEMAND FOR JURY TRIAL**

18    PLEASE TAKE NOTICE that Plaintiff demands trial by jury in this action.

19

20                                   RESPECTFULLY SUBMITTED,

21  DATED:  March 19, 2014         **PRICE LAW GROUP APC**

22                                   By: /s/ G. Thomas Martin, III
                                        G. Thomas Martin, III
23                                      *Attorney for Plaintiff*

24

25

COMPLAINT

- 6 -